IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST,<br><br>Plaintiff,<br>vs.<br><br>TALA RAYMOND FONOTI; et al.,<br><br>Defendants. | Civil No. 18-00118 SOM-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT: (1) STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT; AND (2) PLAINTIFF U.S. BANK TRUST, N.A.'S SUBSTANTIVE JOINDER TO STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018 |

FINDINGS AND RECOMMENDATION TO GRANT:
(1) STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S
MOTION FOR ORDER REMANDING ACTION TO STATE COURT; AND
(2) PLAINTIFF U.S. BANK TRUST, N.A.'S
SUBSTANTIVE JOINDER TO STATE OF HAWAIʻI OFFICE OF
CONSUMER PROTECTION'S MOTION FOR
ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018

Respondent David Keanu Sai ("Sai") removed the instant action on March

27, 2018.  *See* ECF No. 1.  The State of Hawaiʻi Office of Consumer Protection

("State of Hawaiʻi") filed its Motion for Order Remanding Action to State Court

on April 5, 2018 ("Motion to Remand").  *See* ECF No. 7.  On April 12, 2018, U.S.

Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank

Trust") filed "Plaintiff's Substantive Joinder to State Of Hawaii Office of

Consumer Protection's Motion for Order Remanding Action to State Court Filed

April 5, 2018" ("Joinder").  *See* ECF No. 13.  On April 27, 2018, Sai and Dexter

Kaiama ("Kaiama") (collectively, "Respondents") filed "Respondents Sai and

Kaiama's Memorandum in Opposition to Motion for Order Remanding Action to

State Court Filed April 5, 2018" ("Opposition").  *See* ECF No. 33.

The Court elected to decide the Motion to Remand without a hearing

pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District

Court for the District of Hawaii.  The Court has carefully reviewed the State of

Hawaii's Motion to Remand, U.S. Bank Trust's Joinder, and Respondents'

Opposition.  Based on the memoranda, the record in this case, and applicable case

law, the Court FINDS and RECOMMENDS that the district court remand this

action.

BACKGROUND

On January 23, 2018, the State of Hawaiʻi filed a motion seeking leave to

intervene in a foreclosure action ("Motion to Intervene") in the Circuit Court of the

First Circuit State of Hawaiʻi ("State Court") initiated by U.S. Bank Trust against

Tala Raymond Fonoti and Willadean Lehuanani Grace (collectively, "Defendant

homeowners").  *See* ECF No. 1-1 at 5.  The State of Hawaiʻi also sought leave to

add Rose Dradi ("Dradi") and Respondents as parties to the foregoing foreclosure

action in State Court ("Foreclosure Action").  *Id*. at 6.  The State of Hawaiʻi

alleged in its Motion to Intervene that the purpose of petitioning the State Court for

leave in the Foreclosure Action was to seek relief for "the unlawful and deceptive conduct, including but not limited to engaging in mortgage resuce [sic] fraud, of said new parties done in connection with the instant foreclosure action to the detriment of the Defendant homeowners." *Id*.

The State of Hawai'i also filed an Ex Parte Motion for Issuance of an Order Directing Respondents Rose Dradi, David Keanu Sai, and Dexter Kaiama to Appear and Show Cause Why They Should Not Be Found to Have Violated Applicable Consumer Protection Laws on January 23, 2018 ("Motion to Issue Show Cause Order"). *See* ECF No. 7-2. The State Court granted the State of Hawaii's Motion to Intervene and Motion to Issue Show Cause Order on January 25, 2018. *See* ECF No. 1-1 at 20-21; ECF No. 7-3 at 37. On that same day, the State Court issued its "Order Directing Respondents Rose Dradi, David Keanu Sai, and Dexter Kalama to Appear and Show Cause Why They Should Not Be Found to Have Violated Applicable Consumer Protection Laws and Notice of Hearing" ("Order to Show Cause"). *See* ECF No. 7-3 at 37.

The State of Hawai'i served Kaiama the Motion to Intervene, the Motion to Issue Show Cause Order, and the Order to Show Cause on February 1, 2018. The State of Hawai'i served Sai the same documents on February 6, 2018. *See* ECF Nos. 7-4 to 7-5. The State of Hawai'i contends that the State Court granted the State of Hawai'i authority to serve Dradi by publication because, despite its efforts, the State of Hawai'i has been unable to personally serve Dradi. ECF No. 7-1 at 10.

On February 21, 2018, Kaiama filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Pursuant to HRCP Rule 12(B)(1)" in State Court ("Motion to Dismiss"). *See* ECF No. 1-1 at 23.  On March 5, 2018, Sai filed a Memorandum in Support of Kaiama's Motion to Dismiss ("Memo in Support"). *See id*. at 71.  Sai subsequently filed a "Supplemental Memorandum to Deny Joinder and in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, Pursuant to HRCP Rule 12(B)(1)" on March 27, 2018 ("Supplemental Memo").  *See* ECF No. 1-1 at 147.

Later on March 27, 2018, Sai removed the action to this district court.  *See* ECF No. 1.  Sai contends that the district court has federal jurisdiction over this action under 28 U.S.C. § 1331 "because the State of Hawai'i seeks remedies involving Sai who [is] a foreign diplomat."  *Id*. at 3.  Sai asserts that his status as a foreign diplomat is established by a treaty between the Hawaiian Kingdom and the United States:

> There is a treaty created by exchange of *notes verbales* between Sai, who served as Minister of the Interior and Agent for the Hawaiian Kingdom and the United States Department of State in March of 2000, creating a treaty whereby the United States afforded *de facto* recognition of the Hawaiian Kingdom Government in regards to an international arbitration proceeding held under the auspices of the Permanent Court of Arbitration in *Lance Larsen v. Hawaiian Kingdom*, case no. 1999-01.

*Id*. (emphasis in original).

Sai contends that because his Memo in Support and Supplemental Memo

raise federal questions pursuant to § 1331, this action is subject to removal

pursuant to 28 U.S.C. § 1441(c). *Id.* Sai also contends that pursuant to 28 U.S.C

§ 1446(b), the Notice of Removal is timely filed within thirty days from the date of

service of the Memo in Support, "which raised for the first time the federal

questions." *Id.* at 4.

The State of Hawaiʻi filed its Motion to Remand on April 5, 2018. U.S.

Bank Trust subsequently filed its Joinder on April 12, 2018.

DISCUSSION

I.  Removal

"Federal courts are courts of limited jurisdiction. They possess only that

power authorized by Constitution and statute . . . . It is to be presumed that a cause

lies outside this limited jurisdiction, and the burden of establishing the contrary

rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts in this circuit must

"strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles,*

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance." *Id.*; *see* 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded."). The Court

finds that this case must be remanded.

Section 1446 of Title 28 of the United States Code sets forth the procedure

for the removal of a civil action from state to federal court. *See* 28 U.S.C. § 1446.

The statute provides two periods during which a case can be removed.

"The first thirty-day requirement 'only applies if the case stated by the initial

pleading is removable on its face,'" *Rossetto v. Oaktree Capital Mgmt., LLC*, 664

F. Supp. 2d 1122, 1128 (D. Haw. 2009) (quoting *Harris v. Bankers Life & Cas.*

*Co.*, 425 F.3d 689, 694 (9th Cir.2005)):

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for
> relief upon which such action or proceeding is based, or within thirty
> days after the service of summons upon the defendant if such initial
> pleading has then been filed in court and is not required to be served
> on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The second thirty-day period is triggered if removal was not

apparent from the initial pleading, but is later apparent from a "paper" received by

the defendant after the initial pleading is received by the defendant:

> [I]f the case stated by the initial pleading is not removable, a notice of
> removal may be filed within thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it may first be ascertained
> that the case is one which is or has become removable.

*Id.* § 1446(b)(3).

"Thus, the first thirty-day period for removal in 28 U.S.C. § 1446(b) only

applies if the case stated by the initial pleading is removable on its face." *Harris*,

425 F.3d at 694. "The second thirty-day period for removal, however, applies

when 'the case stated by the initial pleading is not removable.'" *Id.* (quoting 28

6

U.S.C. § 1446(b)). Under this second thirty-day period, if there has been a change in the parties or other circumstances revealed in a newly-filed "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case" is removable, the case must be removed within thirty days after receipt by the defendant of the newly-filed "paper." *Id.*; 28 U.S.C. § 1446(b)(3).

In addition, the Ninth Circuit has held that a defendant can remove "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Here, it appears that Sai seeks removal based on his own information, "that the United States District Court for the District of Hawai'i has federal jurisdiction over [this action] under 28 U.S.C. § 1331 because the State of Hawai'i seeks remedies involving Sai who a foreign diplomat." ECF No. 1 at 3.

Sai contends in his Notice of Removal that the second thirty-day period for removal applies, and was triggered by his own filings –the Memo in Support and Supplemental Memo. ECF No. 1 at 4. This directly contravenes existing case law in this district. In this district, "[t]he document that triggers the thirty-day removal period cannot be one created by the defendant." *Rossetto*, 664 F. Supp. 2d at 1129. The "'amended pleading, motion, order or other paper' must derive from 'either the voluntary act of the plaintiff in the state court, or other acts or events not the

7

product of the removing defendant's activity.'" *Id.* (quoting *Smith v. Int'l Harvester Co.*, 621 F. Supp. 1005, 1007 (D. Nev.1985)); *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("[T]he 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changes circumstances which now support federal jurisdiction.").

In this case, the Memo in Support and Supplemental Memo were not voluntarily submitted by the State of Hawai'i; rather, they were documents created by Sai.  Accordingly, these documents cannot be the basis for removal.  *Roth*, 720 F.3d at 1126 ("[A] defendant's subjective knowledge cannot convert a non-removable action into a removable one . . . .").

If there was any document that created the basis for removal, this Court concludes such document was the State of Hawaii's Motion to Issue Show Cause Order, which the State of Hawai'i served on Sai on February 6, 2018, along with the Motion to Intervene, and the Order to Show Cause.  *See* ECF No. 7-5.  The Motion to Issue Show Cause Order specifically and repeatedly raises the issue of Sai's alleged sovereignty and his claimed ability to divest State Court of jurisdiction—the very bases of Sai's Notice of Removal.  *See e.g.* ECF No. 7-2 at 7 (alleging that Dradi and Sai had violated Hawaii Revised Statutes section 480E-10(a)(3) when it assisted the Defendant homeowners with preparing, filing, and/or presenting a motion to dismiss the Foreclosure Action based on Hawaiian sovereignty, representing both explicitly and implicitly that the Court lacked

jurisdiction and the foreclosure case would be dismissed"); *Id.* at 8 ("Respondents Dradi and Sai have acted in violation of HRS § 480E-10(a)(4) by concealing from the homeowners the fact that the homeowners were paying for an oft-rejected Hawaiian sovereignty argument."); ECF No. 7-2 at 19 (alleging that Drai had indicated that she worked with Sai, who was an expert in showing that because of Hawaii sovereignty issues, "international law" controlled the issues in the Foreclosure Action, "which Hawaii courts lack jurisdiction to enforce").

Accordingly, Sai had this information at the time the State of Hawaiʻi served the Motion to Issue Show Cause Order on Sai—February 6, 2018. *See* ECF No. 7-5. Sai removed this action on March 27, 2018. *See* ECF No. 1. Sai's removal thus runs "afoul" of the thirty-day deadline proscribed in § 1446(b)(3) because the Motion to Issue Show Cause Order triggered the removal period, not the Memo in Support or the Supplemental Memo. *Roth*, 720 F.3d at 1125 ("A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.").

In sum, the State of Hawaiʻi served Sai a "paper" on February 6, 2018, from which Sai could ascertain that the case was one which was or would become removable, not only from "his own information," but also from the Motion to Issue Show Cause Order. Sai thus had thirty-days from February 6, 2018, to remove the action. Sai filed his Notice of Removal on March 27, 2018. As such, his Notice of

Removal was untimely, and this Court must remand this action. *See Bell v. Arvin*

*Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *1 (N.D. Cal. Apr. 2, 2012)

("'Federal courts strictly observe the thirty-day deadline for filing motions to

remand.'") (quoting *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 535

(S.D. Tex. 1996)).

The Court thus RECOMMENDS that the district court GRANT both the

State of Hawaii's Motion to Remand and U.S. Bank Trust's Joinder.

## II. Attorneys' Fees

"When a federal court remands a case, it 'may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the

removal.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "If, however, there is an objectively

reasonable basis [for removal], fees should be denied." *Id.* "Bad faith on the part

of the removing party is not required[.]" *Id.*

Sai explicitly asserts that his Notice of Removal was filed within thirty days

"from the date of service of the Memo in Support which raised for the first time

federal questions." ECF No. 3-4. The Court finds that Sai did not have an

objectively reasonable basis to seek removal in this case because: (1) the

unequivocal language of § 1446(b)(3) requires that the notice of removal be filed

within thirty days after the defendant *receives* a paper from which it may be first

ascertained that a case is removable; (2) case law in this district explicitly provides

that the document triggering the second thirty-day removal period cannot be one

created by the defendant; and (3) the only document that could have triggered the thirty-day period in this case was the Motion to Issue Show Cause Order, and Sai filed his Notice of Removal more than thirty days after the State of Hawai'i served the Motion to Issue Show Cause Order on Sai.

The Court finds that Sai had no objectively reasonable basis for removing the case based on either the Memo in Support or Supplemental Memo.  The Court also finds that the Notice of Removal was untimely based on the date the State of Hawai'i served Sai the Motion to Issue Show Cause Order.  The Court thus recommends that the district court award:  (1) the State of Hawai'i its costs incurred in connection with Sai's improper removal; and (2) U.S. Bank Trust its attorneys' fees and costs incurred as a result of Sai's improper removal, as requested by U.S. Bank Trust in its Joinder.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court (1) GRANT the State of Hawai'i Office of Consumer Protections' Motion for Order Remanding Action to State Court filed on April 5, 2018 (ECF No. 7), (2) GRANT Plaintiff U.S. Bank Trust's Substantive Joinder to State Of Hawaii Office of Consumer Protection's Motion for Order Remanding Action to State Court Filed April 5, 2018 (ECF No. 13), (3) remand this case to the Circuit Court of the First Circuit, State of Hawai'i, (4) award the State of Hawai'i its costs expended as a result of Sai's improper removal, and (5) award U.S. Bank Trust its attorneys' fees and

costs incurred as a result of Sai's improper removal.

If this Court's recommendations should be adopted, then this Court further

RECOMMENDS that a deadline be given for counsel to submit a declaration in

conformance with Local Rules 54.2 and 54.3(d) to support the State of Hawaii's

and U.S. Bank Trust's respective requests for fees and/or costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:     Honolulu, Hawai'i, May 8, 2018.



   /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV18-00118 SOM-KJM; U.S BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER
PARTICIPATION TRUST vs. TALA RAYMOND FONOTI; et al., FINDINGS AND
RECOMMENDATION TO GRANT: (1) STATE OF HAWAI'I OFFICE OF CONSUMER
PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT;
AND (2) PLAINTIFF U.S. BANK TRUST, N.A.'S SUBSTANTIVE JOINDER TO STATE
OF HAWAI'I OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER
REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018