IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST,<br><br>           Plaintiff,<br><br>   vs.<br><br>TALA RAYMOND FONOTI; et al.,<br><br>           Defendants. | Civil No. 18-00118 SOM-KJM<br><br>(1) ORDER ON REMOVING PARTIES' MOTION TO RECONSIDER MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS; AND (2) AMENDED FINDINGS AND RECOMMENDATION TO GRANT: (A) STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT; AND (B) PLAINTIFF U.S. BANK TRUST, N.A.'S SUBSTANTIVE JOINDER TO STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018 |

(1) ORDER ON REMOVING PARTIES'
MOTION TO RECONSIDER MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS; AND (2) AMENDED FINDINGS
AND RECOMMENDATION TO GRANT: (A) STATE OF HAWAIʻI
OFFICE OF CONSUMER PROTECTION'S MOTION FOR ORDER
REMANDING ACTION TO STATE COURT; AND (B) PLAINTIFF
U.S. BANK TRUST, N.A.'S SUBSTANTIVE JOINDER TO STATE OF
HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION FOR
<u>ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018</u>

Respondent David Keanu Sai ("Sai") filed his Notice of Removal of the

instant action on March 27, 2018. *See* ECF No. 1.  On April 2, 2018, Sai filed an

Amended Notice of Removal.  *See* ECF No. 6.  Based on the original March 27, 2018 Notice of Removal, the State of Hawaiʻi Office of Consumer Protection ("State") filed its Motion for Order Remanding Action to State Court on April 5, 2018 ("Motion to Remand").  *See* ECF No. 7.  On April 12, 2018, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank Trust") filed "Plaintiff's Substantive Joinder to State Of Hawaii Office of Consumer Protection's Motion for Order Remanding Action to State Court Filed April 5, 2018" ("Joinder").  *See* ECF No. 13.  On April 27, 2018, Sai and Respondent Dexter Kaiama ("Kaiama") (collectively, "Respondents") filed "Respondents Sai and Kaiama's Memorandum in Opposition to Motion for Order Remanding Action to State Court Filed April 5, 2018" ("Opposition").  *See* ECF No. 33.

The Court elected to decide the Motion to Remand without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  On May 8, 2018, this Court issued its Findings and Recommendations to Grant:  (1) the Motion to Remand; and (2) the Joinder (May 8, 2018 F & R).  On May 11, 2018, the State filed Objections to the May 8, 2018 F & R.  *See* ECF No. 37.  On May 16, 2018, Respondents filed "Removing Parties' Submission of Newly Discovered Expert Opinion Evidence on the Issue of the Continuing Existence of the Hawaiian Kingdom as a Subject of International Law Under Illegal Military Occupation by the United States Government and Its

Fraudulent Annexation" ("Supplemental Brief").

On May 17, 2018, the State filed a Reply to Respondents' Supplemental Brief.  *See* ECF No. 41.  On May 20, 2018, Respondents filed Removing Parties' Motion to Reconsider Magistrate Judge's Findings and Recommendations pursuant to Local Rule 60.1 ("Motion to Reconsider"), seeking reconsideration of the May 8, 2018 F & R.  Respondents contend that there are new material facts not previously available to the Respondents, and that the May 8, 2018 F & R fails to make any findings and recommendations regarding the basis for their removal in their Amended Notice of Removal.  Respondents' "new information" is a memorandum authored by a Dr. Alfred M. deZayas ("deZayas Memorandum"), who Respondents represent is a "United Nations Independent Expert on the promotion of a democratic and equitable international order under the Office of the High Commissioner for Human Rights."  *See* ECF No. 40 at 2.

Accordingly, Respondents ask this Court to reconsider its May 8, 2018 F & R.  The State filed its Opposition to the Motion to Reconsider on June 7, 2018. ECF No. 48.  Respondents filed their Reply on June 21, 2018.  ECF No. 50.

First, the Court notes that the State's position is that this case is properly with the district judge assigned to this case because the State filed a limited objection to this Court's May 8, 2018 F & R.  As such, the State argues in its Opposition to the Motion to Reconsider that the Motion to Reconsider should be

properly construed as an objection to this Court's May 8, 2018 F & R. This Court disagrees.

Pursuant to Local Rule 72.4, a district judge may designate a magistrate judge to hear and determine a motion to remand, and to submit to a district judge of the court, related to the motion to remand, "proposed findings of fact and recommendations for disposition by a district judge." LR72.4(a)(9). The district court assigned to this action submitted to this Court the Motion to Remand, to propose findings of fact and recommendations to the district judge for disposition of the Motion to Remand. Upon this Court's issuance of the May 8, 2018 F & R, the parties had fourteen (14) days after service to object to the May 8, 2018 F & R. LR74.2. The Local Rules also permit the parties to move for reconsideration before the magistrate judge pursuant to Local Rule 60.1. *Id*. These actions are not mutually exclusive. Indeed, a reconsideration tolls the time in which objection must be filed to a magistrate judge's findings or recommendations. *Id*.

The State does not provide any legal basis for its contention that the filing of its limited objection to the May 8, 2018, "triggered de novo review" by district judge assigned to this case, thus presenting jurisdictional barriers to this Court's consideration of Respondent's Motion for Reconsideration. Nor will this Court construe what is titled and presented as a motion for reconsideration by Respondents as an objection. Accordingly, this Court rejects the State's contention

that its objection to this Court's May 8, 2018 F & R "had the effect" of "moving this case" to the district judge assigned to this case.

Second, Respondents argue in their Reply that the State's Motion to Reconsider Opposition is untimely.  *See* ECF No. 50 at 2.  Respondents contend that the State filed its Motion to Reconsider Opposition 18 days after the Motion to Reconsider, and thus, pursuant to Local Rule 7.4, the Court should disregard or strike the Opposition from the record.  *Id.*  As a general rule, parties must file their oppositions and replies pursuant to the deadlines set in Local Rule 7.4.  Local Rule 7.4 provides that an opposition to a non-hearing motion shall be served and filed not more than 14 days after service of the motion.  In this case, however, the Court set the Opposition and Reply deadline.  Pursuant to the Entering Order issued by this Court on May 21, 2018, the Court set the State's deadline to file its Opposition to the Motion to Reconsider for June 7, 2018.  *See* ECF No. 46.  The State timely filed its Opposition on June 7, 2018.  Accordingly, Respondents' argument is unavailing.

Finally, Respondents request reconsideration of this Court's May 8, 2018 F & R based on "newly-discovered evidence," namely, the deZayas Memorandum Respondents contend they obtained on May 10, 2018.  *See* ECF No. 40 at 2. Motions for reconsideration may be brought only upon the following grounds pursuant to Local Rule 60.1:  "(a) Discovery of new material facts not previously

available; (b) Intervening change in law; [and] (c) Manifest error of law or fact."
LR60.1.  Respondents contend that the deZayas Memorandum is "newly-discovered evidence on the issue of the continuing existence of the Hawaiian Kingdom as a subject of international law under an illegal military occupation by the United States government and its fraudulent annexation."  ECF No. 40 at 2. The Court finds that the deZayas Memorandum does not provide a sufficient basis for this Court's reconsideration of its May 8, 2018 F & R.

The Court found in its May 8, 2018 that Sai's March 27, 2018 Notice of Removal was untimely.  The Court is unable to discern how the deZayas Memorandum constitutes any of the grounds listed in Local Rule 60.1.  The deZayas Memorandum does not contain any information related to the timeliness of the Notice of Removal, and thus, does not have any bearing on the reasons this Court provided for recommending that the district court remand this action.  In addition, the memorandum is not "material," does not demonstrate a relevant intervening change in law, nor does it evince that this Court made a manifest error of law or fact regarding the timeliness of the original Notice of Removal. Accordingly, the Court finds that the deZayas Memorandum does not provide a sufficient basis for this Court to reconsider its May 8, 2018 F & R.

The Court recognizes, however, that Respondent Sai filed an Amended Notice of Removal after the original Notice of Removal, containing a different

basis for removal than that asserted in the original Notice of Removal.  Neither the State nor this Court addressed the merits of Sai's assertions in the Amended Notice of Removal.  Accordingly, the Court finds it proper to consider Respondents' request to reconsider its May 8, 2018 F & R so that the Court may include a discussion of the Amended Notice of Removal.

In the interest of judicial economy pursuant to Federal Rule of Civil Procedure 1, however, instead of granting Respondents' motion to reconsider its May 8, 2018 F & R, the Court issues the following Amended Findings and Recommendation, which supersedes this Court's May 8, 2018 F & R.  Any objections to or motions to reconsider the Amended Findings and Recommendations may be filed in accordance with the Local Rules.

The Court also advises the parties that any objections to or motions to reconsider the Amended Findings and Recommendations may not refer or incorporate by reference any previous filings, including, but not limited to, any previously filed objections or motions to reconsider.  Any objections or motions for reconsideration must solely concern the following Amended Findings and Recommendations, and not the superseded May 8, 2018 F & R.

AMENDED FINDINGS AND RECOMMENDATION TO
GRANT:  (1) STATE OF HAWAIʻI OFFICE OF CONSUMER
PROTECTION'S MOTION FOR ORDER REMANDING ACTION
TO STATE COURT; AND (2) PLAINTIFF U.S. BANK TRUST, N.A.'S
SUBSTANTIVE JOINDER TO STATE OF HAWAIʻI OFFICE
OF CONSUMER PROTECTION'S MOTION FOR
<u>ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018</u>

Respondent David Keanu Sai ("Sai") removed the instant action on March

27, 2018.  *See* ECF No. 1.  On April 2, 2018, Sai filed an Amended Notice of

Removal.  *See* ECF No. 6.  The State of Hawaiʻi Office of Consumer Protection

("State of Hawaiʻi") filed its Motion for Order Remanding Action to State Court

on April 5, 2018 ("Motion to Remand").  *See* ECF No. 7.  On April 12, 2018, U.S.

Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank

Trust") filed "Plaintiff's Substantive Joinder to State Of Hawaii Office of

Consumer Protection's Motion for Order Remanding Action to State Court Filed

April 5, 2018" ("Joinder").  *See* ECF No. 13.  On April 27, 2018, Sai and

Respondent Dexter Kaiama ("Kaiama") (collectively, "Respondents") filed

"Respondents Sai and Kaiama's Memorandum in Opposition to Motion for Order

Remanding Action to State Court Filed April 5, 2018" ("Opposition").  *See* ECF

No. 33.

The Court elected to decide the Motion to Remand without a hearing

pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District

Court for the District of Hawaii.  The Court has carefully reviewed the State of

Hawaii's Motion to Remand, U.S. Bank Trust's Joinder, and Respondents' Opposition.  Based on the memoranda, the record in this case, and applicable case law, the Court FINDS and RECOMMENDS that the district court remand this action.

## BACKGROUND

On January 23, 2018, the State of Hawaiʻi filed a motion seeking leave to intervene in a foreclosure action ("Motion to Intervene") in the Circuit Court of the First Circuit State of Hawaiʻi ("State Court") initiated by U.S. Bank Trust against Tala Raymond Fonoti and Willadean Lehuanani Grace (collectively, "Defendant homeowners").  *See* ECF No. 1-1 at 5.  The State of Hawaiʻi also sought leave to add Rose Dradi ("Dradi") and Respondents as parties to the foregoing foreclosure action in State Court ("Foreclosure Action").  *Id*. at 6.  The State of Hawaiʻi alleged in its Motion to Intervene that the purpose of petitioning the State Court for leave in the Foreclosure Action was to seek relief for "the unlawful and deceptive conduct, including but not limited to engaging in mortgage rescue [sic] fraud, of said new parties done in connection with the instant foreclosure action to the detriment of the Defendant homeowners."  *Id*.

The State of Hawaiʻi also filed an Ex Parte Motion for Issuance of an Order Directing Respondents Rose Dradi, David Keanu Sai, and Dexter Kaiama to Appear and Show Cause Why They Should Not Be Found to Have Violated

Applicable Consumer Protection Laws on January 23, 2018 ("Motion to Issue Show Cause Order").  *See* ECF No. 7-2.  The State Court granted the State of Hawaii's Motion to Intervene and Motion to Issue Show Cause Order on January 25, 2018.  *See* ECF No. 1-1 at 20-21; ECF No. 7-3 at 37.  On that same day, the State Court issued its "Order Directing Respondents Rose Dradi, David Keanu Sai, and Dexter Kalama to Appear and Show Cause Why They Should Not Be Found to Have Violated Applicable Consumer Protection Laws and Notice of Hearing" ("Order to Show Cause").  *See* ECF No. 7-3 at 37.

The State of Hawaiʻi served Kaiama the Motion to Intervene, the Motion to Issue Show Cause Order, and the Order to Show Cause on February 1, 2018.  The State of Hawaiʻi served Sai the same documents on February 6, 2018.  *See* ECF Nos. 7-4 to 7-5.  The State of Hawaiʻi contends that the State Court granted the State of Hawaiʻi authority to serve Dradi by publication because, despite its efforts, the State of Hawaiʻi has been unable to personally serve Dradi.  ECF No. 7-1 at 10.

On February 21, 2018, Kaiama filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Pursuant to HRCP Rule 12(B)(1)" in State Court ("Motion to Dismiss").  *See* ECF No. 1-1 at 23.  On March 5, 2018, Sai filed a Memorandum in Support of Kaiama's Motion to Dismiss ("Memo in Support").  *See id.* at 71.  Sai subsequently filed a "Supplemental Memorandum to Deny Joinder and in Support of Motion to Dismiss for Lack of Subject Matter

Jurisdiction, Pursuant to HRCP Rule 12(B)(1)" on March 27, 2018 ("Supplemental

Memo").  *See* ECF No. 1-1 at 147.

Later on March 27, 2018, Sai removed the action to this district court.  *See*

ECF No. 1.  On April 2, 2018, Sai filed his Amended Notice of Removal.  *See* ECF

No. 6.

A.  The March 27, 2018 Notice of Removal

Sai contends in his March 27, 2018 Notice of Removal that the district court

has federal jurisdiction over this action under 28 U.S.C. § 1331 "because the State

of Hawaiʻi seeks remedies involving Sai who [is] a foreign diplomat."  *Id.* at 3.  Sai

asserts that his status as a foreign diplomat is established by a treaty between the

Hawaiian Kingdom and the United States:

> There is a treaty created by exchange of *notes verbales* between Sai,
> who served as Minister of the Interior and Agent for the Hawaiian
> Kingdom and the United States Department of State in March of
> 2000, creating a treaty whereby the United States afforded *de facto*
> recognition of the Hawaiian Kingdom Government in regards to an
> international arbitration proceeding held under the auspices of the
> Permanent Court of Arbitration in *Lance Larsen v. Hawaiian
> Kingdom*, case no. 1999-01.

*Id*. (emphasis in original).

Sai contends that because his Memo in Support and Supplemental Memo

raise federal questions pursuant to § 1331, this action is subject to removal

pursuant to 28 U.S.C. § 1441(c).  *Id.*  Sai also contends that pursuant to 28 U.S.C.

§ 1446(b), the Notice of Removal is timely filed within thirty days from the date of

service of the Memo in Support, "which raised for the first time the federal questions." *Id*. at 4.  The State of Hawai'i filed its Motion to Remand in response to the March 27, 2018 Notice of Removal on April 5, 2018.  *See* ECF No. 7-1 at 21 ("The Notice of Removal indicates Sai is a 'foreign diplomat' by virtue of having 'served as Minister of the Interior and Agent for the Hawaiian Kingdom.'" (quoting ECF No.1-1, p. 3, ¶6)).  U.S. Bank Trust subsequently filed its Joinder on April 12, 2018.

B.  The April 2, 2018 Amended Notice of Removal

Respondent Sai filed an Amended Notice of Removal pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).  *See* ECF No. 6 at 2.  First, Sai contends in his Amended Notice of Removal that this district court has federal jurisdiction pursuant to 28 U.S.C. § 1603(b)(2) because Sai is a "diplomat of a foreign state." *Id*. at 4.  Sai contends that the United States Government and the Hawaiian Kingdom government negotiated and created a treaty in March of 2000, resulting in the United States Government affording *de facto* recognition of the Hawai'i Kingdom Government.  *Id*.  Second, Sai asserts that his Memo in Support and Supplemental Memo "provide[] sufficient evidence on the issue of a foreign state making the action removable pursuant to 28 U.S.C. § 1441(d)." *Id*. at 5.  Finally, Sai contends that he has state immunity from jurisdiction pursuant to 28 U.S.C. § 1604.

## DISCUSSION

A.  Removal Based on Respondents' March 27, 2018 Notice of Removal

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Courts in this circuit must "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*; *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The Court finds that this case must be remanded.

Section 1446 of Title 28 of the United States Code sets forth the procedure for the removal of a civil action from state to federal court.  *See* 28 U.S.C. § 1446.  The statute provides two periods during which a case can be removed.

"The first thirty-day requirement 'only applies if the case stated by the initial pleading is removable on its face,'" *Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1128 (D. Haw. 2009) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005)):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The second thirty-day period is triggered if removal was not apparent from the initial pleading, but is later apparent from a "paper" received by the defendant after the initial pleading is received by the defendant:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. § 1446(b)(3).

"Thus, the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694.  "The second thirty-day period for removal, however, applies when 'the case stated by the initial pleading is not removable.'" *Id*. (quoting 28 U.S.C. § 1446(b)).  Under this second thirty-day period, if there has been a change in the parties or other circumstances revealed in a newly-filed "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case" is removable, the case must be removed within thirty days after receipt by the defendant of the newly-filed "paper." *Id*.; 28 U.S.C.

14

§ 1446(b)(3).

In addition, the Ninth Circuit has held that a defendant can remove "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Here, it appears that Sai seeks removal based on his own information, "that the United States District Court for the District of Hawai'i has federal jurisdiction over [this action] under 28 U.S.C. § 1331 because the State of Hawai'i seeks remedies involving Sai who a foreign diplomat." ECF No. 1 at 3.

Sai contends in his Notice of Removal that the second thirty-day period for removal applies, and was triggered by his own filings –the Memo in Support and Supplemental Memo. ECF No. 1 at 4. This directly contravenes existing case law in this district. In this district, "[t]he document that triggers the thirty-day removal period cannot be one created by the defendant." *Rossetto*, 664 F. Supp. 2d at 1129. The "'amended pleading, motion, order or other paper' must derive from 'either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity.'" *Id*. (quoting *Smith v. Int'l Harvester Co*., 621 F. Supp. 1005, 1007 (D. Nev.1985)); *see also Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 762 (5th Cir. 2000) ("[T]he 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of

the changes circumstances which now support federal jurisdiction.").

In this case, the Memo in Support and Supplemental Memo were not voluntarily submitted by the State of Hawaiʻi; rather, they were documents created by Sai. Accordingly, these documents cannot serve as the basis for removal. *Roth*, 720 F.3d at 1126 ("[A] defendant's subjective knowledge cannot convert a non-removable action into a removable one . . . .").

If there was any document that created the basis for removal, this Court concludes such document was the State of Hawaii's Motion to Issue Show Cause Order, which the State of Hawaiʻi served on Sai on February 6, 2018, along with the Motion to Intervene, and the Order to Show Cause. *See* ECF No. 7-5. The Motion to Issue Show Cause Order specifically and repeatedly raises the issue of Sai's alleged sovereignty and his claimed ability to divest the State Court of jurisdiction—the very bases of Sai's Notice of Removal. *See, e.g.*, ECF No. 7-2 at 7 (alleging that Dradi and Sai had violated Hawaii Revised Statutes section 480E-10(a)(3) when it assisted the Defendant homeowners with preparing, filing, and/or presenting a motion to dismiss the Foreclosure Action "based on Hawaiian sovereignty, representing both explicitly and implicitly that the Court lacked jurisdiction and the foreclosure case would be dismissed"); *Id.* at 8 ("Respondents Dradi and Sai have acted in violation of HRS § 480E-10(a)(4) by concealing from the homeowners the fact that the homeowners were paying for an oft-rejected

Hawaiian sovereignty argument."); ECF No. 7-2 at 19 (alleging that Drai had indicated that she worked with Sai, who was an expert in showing that because of Hawaii sovereignty issues, "international law" controlled the issues in the Foreclosure Action, "which Hawaii courts lack jurisdiction to enforce").

Accordingly, Sai had this information at the time the State of Hawai'i served the Motion to Issue Show Cause Order on Sai—February 6, 2018. *See* ECF No. 7-5. Sai removed this action on March 27, 2018. *See* ECF No. 1. Sai's removal thus runs "afoul" of the thirty-day deadline proscribed in § 1446(b)(3) because the Motion to Issue Show Cause Order triggered the removal period, not the Memo in Support or the Supplemental Memo. *Roth*, 720 F.3d at 1125 ("A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.").

In sum, the State of Hawai'i served Sai a "paper" on February 6, 2018, from which Sai could have ascertained that the case was one which was or would become removable, not only from "his own information," but also from the Motion to Issue Show Cause Order. Sai thus had thirty-days from February 6, 2018, to remove the action. Sai filed his Notice of Removal on March 27, 2018. As such, his Notice of Removal was untimely, and this Court must remand this action. *See Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *1 (N.D. Cal.

Apr. 2, 2012) ("'Federal courts strictly observe the thirty-day deadline for filing motions to remand.'") (quoting *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 535 (S.D. Tex. 1996)).

The Court thus RECOMMENDS that the district court GRANT both the State of Hawaii's Motion to Remand and U.S. Bank Trust's Joinder.

B.  Removal Based on Respondents' April 2, 2018 Amended Notice of Removal

Six days after filing the Notice of Removal, Sai filed an Amended Notice of Removal on April 2, 2018, changing his original basis for removal, removal pursuant to 28 U.S.C. § 1441(c), to removal pursuant to 28 U.S.C. § 1441(d)— actions against foreign States.  The Court finds that the Amended Notice of Removal is an improper filing.

First, Federal Rule of Civil Procedure 15 permits a party to amend its *pleading* once as a matter of course within 21 days after serving it.  Rule 7 defines pleadings as follows:  (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  Rule 7 does not provide that a removal petition is a "pleading" such that a removing party could avail himself to Rule 15 to amend his notice of removal "once as a matter of course."  Indeed, although courts in this district have recognized notices of removal may be

considered a pleading in certain instances, *e.g.* to cure a technical defect in jurisdictional allegations, this district has not accepted the blanket proposition that a notice of removal constitutes a "pleading" under Rule 15. *See Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842, 847 (D. Haw. 2006) (listing cases that permitted parties to amend notices of removal under Rule 15 to illustrate that notices of removal were considered "pleadings" under Rule 15 only to cure a technical defect in the jurisdictional allegation); *id.* ("[T]hose cases do not stand for the blanket proposition that all amendments to removal notices constitute amendments to 'pleadings' under Rule 15(c). Here, [the defendant] seeks to allege new grounds for removal, not to cure existing grounds that were alleged defectively.[]  This distinction is significant.").  Sai's Amended Notice of Removal does not seek to simply cure a technical defect; rather, Sai alleges new grounds for removal.  The Court finds that Sai fails to provide a legally sufficient basis for amending his notice of removal "as a matter of course" under Rule 15.

28 U.S.C. § 1446(b) requires the notice of removal of a civil action or proceeding to be filed within 30 days after receipt of a copy of initial pleading.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a defendant may file the notice of removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case" is removable.  28 U.S.C. § 1446(b)(1) & (3).

"Ordinarily, 'the notice of removal required by [28 U.S.C. §] 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal.'"  *Hester v. Horowitz*, No. CV 17-00014 LEK-KSC, 2017 WL 1536401, at *3 (D. Haw. Apr. 28, 2017) (other citation omitted) (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket Part by the Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Fed. Prac. & Proc. Juris. § 3733) (alterations in *Hester*).

The Notice of Removal cannot, however, "'be amended to add a separate basis for removal jurisdiction after the thirty day period.'"  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).  "After the 30-day period for seeking removal has passed . . . 'the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.'"  *Id.* (quoting 14C Fed. Prac. & Proc. Juris. § 3733 (4th ed.); *see also Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (holding that after the thirty-day period lapses, the defendant may not amend a notice of removal "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made").  "That is, an amendment to a removal notice 'may not add completely new grounds for removal or furnish missing allegations, even if the

court rejects the first proffered basis of removal.'"  *Ross v. Haw. Nurses' Ass'n Office & Prof'l Emps. Int'l Union Local 50*, 290 F. Supp. 3d 1136, 1147 (D. Haw. 2018) (quoting 14C Federal Practice & Procedure § 3733 at 655-56 (citing cases)).

As explained in the section discussing the original Notice of Removal, assuming that the "other papers" the State of Hawaiʻi served Sai on February 6, 2018—Motion to Issue Show Cause Order, Motion to Intervene, the Motion to Issue Show Cause Order, and the Order to Show Cause—evinced information from which it could "first be ascertained" that the case had become removable, Sai had thirty days from February 6, 2018, to file a notice of removal or amended notice of removal.  Sai did neither.  Sai filed his Notice of Removal on March 27, 2018, and his Amended Notice of Removal on April 2, 2018, both of which were filed over thirty days after the State of Hawaiʻi served him the "other papers."  Because the thirty-day period for Respondents to remove the action has already passed, Sai cannot amend his Notice of Removal to add a new basis for removal.  *See Hester*, 2017 WL 1536401, at *4 ("[S]ince the thirty-day removal period has passed, Defendant cannot amend his Notice of Removal to add diversity jurisdiction as a new basis for removal."); *see also Abbott Labs., Inc.*, 469 F. Supp. 2d at 839 (denying defendant's attempt to supplement its notice of removal because the requirements of § 1446(b) were not met).

The Court recognizes, however, that the Amended Notice of Removal seeks

removal based on § 1441(d).  Where removal is based upon § 1441(d), the time limitations of § 1446(b) "may be enlarged at any time for cause shown."  28 U.S.C. § 1441(d).  Sai's Amended Notice of Removal does not, however, provide any cause to enlarge the time under § 1446(b).

Nothing in the Amended Notice of Removal indicates that Sai was not aware of the information contained in his Amended Notice of Removal at the time he filed his original Notice of Removal.  Nor does Sai provide any other reasons why this Court should enlarge the time limitations of § 1446(b).  Accordingly, even if § 1441(d) permits this Court to enlarge the time limitations of § 1446(b) for removals based on this subsection, the Court finds insufficient cause to enlarge the time limitations of § 1446(b).  The 30-day period for seeking removal had passed when Sai filed his Amended Notice of Removal; thus, Sai cannot amend his removal petition to add a separate or new basis for removal jurisdiction.

Notwithstanding the foregoing findings, the Court finds that even if Sai had timely filed his Amended Notice of Removal, or even if there was cause to enlarge the time limitations of § 1446(b) to consider the arguments in the Amended Notice of Removal, this Court nonetheless lacks jurisdiction over this action under § 1441(d).

C.  The State's Action Against Sai is Not an Action Against a Foreign State

Sai contends that this district court has jurisdiction over this action pursuant

to § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."  The Court disagrees.

First, only "civil actions brought in a State Court against a foreign state" may be removed by the foreign state to this Court.  *Id.*  Pursuant to Federal Rule of Civil Procedure 3, "a civil action is commenced by filing a complaint with the court."  *See also* Fed. R. Civ. P. 2 ("There is one form of action—the civil action.").  The only "civil action" in this case is the Foreclosure Action U.S. Bank Trust filed against the Defendant homeowners.  The Defendant homeowners did not remove this action; Sai did.  The "civil action" Sai seeks to remove is not against him.  Accordingly, § 1441(d) cannot be a basis for Sai to remove this action, even if he is indeed a "foreign state" as defined in 28 U.S.C. § 1603(a).

Second, this Court concludes that Sai is not a "foreign state" within the meaning of § 1603(a).  Pursuant to § 1603(a), a "foreign state" is "a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in 28 U.S.C. § 1603(b).  An "agency or instrumentality of a foreign state" under § 1603(b) means any entity which:  "is a separate legal person, corporate or otherwise"; (2) "is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or

political subdivision thereof"; and (3) is neither a citizen of a State of the United States . . . nor created under the laws of any third country."

Sai does not explain in his Amended Notice of Removal how he qualifies as a "foreign state."  After describing an alleged treaty between the United States Government and the Hawaiian Kingdom negotiated in March of 2000, Sai recites the text of § 1603(b), which defines "foreign state."  Sai next points to 28 U.S.C. § 1604, which provides that, "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of [the Foreign Sovereign Immunities Act,] a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of [chapter 28]."  ECF No. 6 at 4 (citing 28 U.S.C. § 1604).  Sai summarily states that none of the exceptions in §§ 1605 to 1607 apply to him.  Without any further explanation, Sai next states, "Minister Sai's Memo in Support and Supplemental Memo provides sufficient evidence on the issue of a foreign state making the action removable pursuant to 28 U.S.C. § 1441(d)."  ECF No. 6 at 5.

Based on these arguments, the Court surmises that Sai seeks to remove this action pursuant to § 1441(d) so that a United States court may make the determination that Sai is immune from the jurisdiction of United States courts based on the alleged March 2000 treaty.  See 28 U.S.C. § 1602 ("The Congress

finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts."). Sai's arguments are without merit.

"To state the obvious, Hawaii is a state of the United States" such that Respondent's assertions regarding his immunity from Hawaiʻi state courts and United States courts is "untenable." *Kingdom v. United States*, No. CV 11-00657 JMS-KSC, 2013 WL 12184696, at *2 (D. Haw. Nov. 15, 2013). "'[W]hatever may be said regarding the lawfulness' of its origins, 'the State of Hawaiʻi . . . is now, a lawful government.'" *State v. Kaulia*, 128 Haw. 479, 487, 291 P.3d 377, 385 (2013) (quoting *State v. Fergerstrom*, 106 Haw. 43, 55, 101 P.3d 652, 664 (Ct. App. 2004), *aff'd*, 106 Hawaiʻi 41, 101 P.3d 225 (2004)); *see also Nguyen v. Yanagi*, 142 Haw. 149, 414 P.3d 201 (Ct. App. 2018), *cert. dismissed*, No. SCWC-15-0000030, 2018 WL 1778564 (Haw. Apr. 13, 2018) ("Hawaiʻi appellate courts have held that claims regarding state courts lacking subject matter jurisdiction over the case premised upon the continuing existence of the Hawaiian Kingdom are without merit."); *Moniz v. Hawaii*, No. CIV. 13-00086 DKW, 2013 WL 2897788, at *2 (D. Haw. June 13, 2013) ("[T]he Ninth Circuit, this district court, and Hawaiʻi state courts have all held that the laws of the United States and the State of Hawaiʻi apply to all individuals in this State."). As stated by the Hawaiʻi

Intermediate Court of Appeals ("ICA"), a statement that is as true now as it was when the ICA stated it in 1994, "presently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature." *Hawaii v. French*, 77 Haw. 222, 228, 883 P.2d 644, 650 (Ct. App. 1994) (quotations omitted).

Moreover, the issue of the legality of the State of Hawaii's inclusion as part of the United States is a political question that is not within the power of the judicial branch of government to decide. *Algal Partners, L.P. v. Santos*, No. CIV. 13-00562 LEK-BMK, 2014 WL 7420442, at *2 (D. Haw. Dec. 31, 2014) ("Courts have consistently held that [the argument that the State of Hawai'i is an illegal entity] presents a political question that must be decided by the legislative and executive branches of government, not by the courts."). Any issues regarding the legality of Hawaii's statehood, including the lawfulness of events leading to statehood, are non-justiciable political questions that have been constitutionally committed to Congress. *Williams v. United States*, Civ. No. 08-00547 SOM-KSC, 2008 WL 5225870, at *3 (D. Haw. Dec. 15, 2008). Sai's basis for jurisdiction squarely involves the legality of Hawaii's statehood as evidenced by his filings in this action. Accordingly, any exercise of jurisdiction over this action would require this Court to adjudicate issues not within the grasp of the judiciary. *See Baker v. Carr*, 369 U.S. 186 (1962) ("[I]t is the executive that determines a

person's status as representative of a foreign government."); *Sai v. Clinton*, 778 F. Supp. 2d 1, 7 (D.D.C. 2011), *aff'd sub nom. Sai v. Obama*, No. 11-5142, 2011 WL 4917030 (D.C. Cir. Sept. 26, 2011) (concluding that any argument challenging the legality of the State of Hawai'i would require the court to decide a political question that the court did not have the power to decide); *Lin v. United States*, 561 F.3d 502, 506 (D.C. Cir. 2009) ("Because deciding sovereignty is a political task, Appellants' case is nonjusticiable.").

This Court concludes, therefore, that even if:  (1) the Amended Notice of Removal was a pleading within the meaning of Rule 15 such that Sai could amend his notice of removal; (2) the Court accepted the basis for removal in Sai's Amended Notice of Removal, untimeliness notwithstanding; (3) the State Court's inclusion of the Respondents and its subsequent issuance of the Order to Show Cause in the Foreclosure Action between U.S. Bank Trust and Defendant homeowners, somehow made this action a "civil action" within the meaning of § 1441(d); and (4) this civil action could be liberally construed to be against Sai, the Court nonetheless concludes that Respondents have not presented any basis for federal jurisdiction in this action.  This Court thus FINDS that this action must be remanded and RECOMMENDS that the district court remand this action to State Court.

C.  Attorneys' Fees

"When a federal court remands a case, it 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Rossetto*, 664 F. Supp. 2d at 1130 (quoting 28 U.S.C. § 1447(c)).  "If, however, there is an objectively reasonable basis [for removal], fees should be denied." *Id.*  "Bad faith on the part of the removing party is not required[.]" *Id.*

Sai explicitly asserts that his Notice of Removal was filed within thirty days "from the date of service of the Memo in Support which raised for the first time federal questions."  ECF No. 3-4.  The Court finds that Sai did not have an objectively reasonable basis to seek removal in this case because:  (1) the unequivocal language of § 1446(b)(3) requires that the notice of removal be filed within thirty days after the defendant *receives* a paper from which it may be first ascertained that a case is removable; (2) case law in this district explicitly provides that the document triggering the second thirty-day removal period cannot be one created by the defendant; (3) the only document that could have triggered the thirty-day period in this case was the Motion to Issue Show Cause Order, and Sai filed his Notice of Removal more than thirty days after the State of Hawai'i served the Motion to Issue Show Cause Order on Sai; (4) this action is not a "civil action" within the meaning of § 1441(d); and (5) Sai is not a "foreign state" pursuant to § 1603, nor does this federal court have the jurisdiction to conclude that he is

"foreign state" absent executive or legislative action.  In addition, the Court finds that the filing of the Amended Notice of Removal was improper and failed to provide a sufficient basis for federal court jurisdiction.  Accordingly, the Court finds that Sai had no objectively reasonable basis for removing this case.

The Court thus recommends that the district court award:  (1) the State of Hawai'i its costs incurred in connection with Sai's improper removals; and (2) U.S. Bank Trust its attorneys' fees and costs incurred as a result of Sai's original removal, as requested by U.S. Bank Trust in its Joinder.

D.  Rule 11 Sanctions

The State of Hawai'i argues in its Motion for Remand that the removal was "was not done in accordance with" Federal Rule of Civil Procedure 11.  ECF No. 7-1 at 31.  Rule 11 provides that, by presenting a paper to the Court, an attorney or unrepresented party certifies that the papers are not being used for improper or frivolous purposes:

> By presenting to the court a pleading, written motion, or other paper--
> whether by signing, filing, submitting, or later advocating it--an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending, modifying,

or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The State of Hawai'i contends that an "attorney licensed to practice law in Hawai'i cannot make a claim that the Kingdom of Hawai'i continues to exist, and that the State of Hawai'i does not exist, and satisfy Rule 11." ECF No. 7-1 at 31. The State of Hawai'i argues that there is no basis for anyone to believe Sai is entitled to diplomatic immunity under the circumstances of this case. *Id.*

Although unclear, it appears that the State of Hawai'i asks this Court to find that removal was not sought in accordance with Rule 11. The Court declines to makes such a finding. First, under Rule 11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In addition, a party may file a motion for sanctions "separately from any other motion" that describes "the specific conduct that allegedly violates Rule 11(b)." *Id.* 11(c)(2). Finally, "[t]he motion must be served under Rule 5, but it must not be

filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Here, the State of Hawaiʻi neither requests that this Court impose sanctions nor does it separately motion for Rule 11 sanctions against Respondents. Instead, the State of Hawaiʻi simply asks this Court to "find" that removal was not sought in accordance with Rule 11. The State of Hawaiʻi did not file a separate motion, did not explain which provision of Rule 11 Respondents violated, nor did the State of Hawaiʻi propose an appropriate sanction for the Court to impose. The State of Hawaiʻi argues only that the finding would permit it to "recoup the costs of publishing the notice of continued hearing on the Show Cause Order as to Respondent Dradi in the event jurisdiction over the case is not returned to the state court in time for the hearing now scheduled for June 6, 2018." ECF No. 7-1 at 33.

The Court notes that it cannot impose monetary sanctions against a represented party for violating Rule 11(b)(2), nor can it impose monetary sanctions on its own, unless it issues a show cause order pursuant to Federal Rule of Civil Procedure 11(c)(3). Fed. R. Civ. P. 11 (c)(5) (providing limitations on monetary sanctions). Nothing in Rule 11 establishes a basis for this Court to simply "find" that Respondents have violated Rule 11. The State of Hawaii's argument that removal was not done in accordance with Rule 11 alone is insufficient for this

Court to impose sanctions under Rule 11, let alone a "finding" that Respondents violated Rule 11.  Accordingly, the Court will not make a finding regarding the removal's compliance with Rule 11.  The Court finds that awarding costs pursuant to § 1447(c) is sufficient for the State of Hawaiʻi to recoup any costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court (1) GRANT the State of Hawaiʻi Office of Consumer Protections' Motion for Order Remanding Action to State Court filed on April 5, 2018 (ECF No. 7), (2) GRANT Plaintiff U.S. Bank Trust's Substantive Joinder to State Of Hawaii Office of Consumer Protection's Motion for Order Remanding Action to State Court Filed April 5, 2018 (ECF No. 13), (3) remand this case to the Circuit Court of the First Circuit, State of Hawaiʻi, (4) award the State of Hawaiʻi its costs expended as a result of Respondents' improper removals, and (5) award U.S. Bank Trust its attorneys' fees and costs incurred as a result of Sai's original improper removal.

If this Court's recommendations should be adopted, then this Court further RECOMMENDS that a deadline be given for counsel to submit a declaration in conformance with Local Rules 54.2 and 54.3(d) to support the State of Hawaii's and U.S. Bank Trust's respective requests for fees and/or costs.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED:     Honolulu, Hawaiʻi, June 29, 2018.



 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

(1) ORDER GRANTING REMOVING PARTIES' MOTION TO RECONSIDER
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS AND (2) AMENDED
FINDINGS AND RECOMMENDATION TO GRANT: (A) STATE OF HAWAIʻI OFFICE
OF CONSUMER PROTECTION'S MOTION FOR ORDER REMANDING ACTION TO
STATE COURT; AND (B) PLAINTIFF U.S. BANK TRUST, N.A.'S SUBSTANTIVE
JOINDER TO STATE OF HAWAIʻI OFFICE OF CONSUMER PROTECTION'S MOTION
FOR ORDER REMANDING ACTION TO STATE COURT FILED APRIL 5, 2018